IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| JOHANNA VELÁZQUEZ on behalf of their minor daughter J.A.V., <br><br> Plaintiff <br><br> v. <br><br> UHS OF PUERTO RICO, INC., et al., <br><br> Defendants. | CIVIL NO.: 13-1581 (MEL) |

**OPINION AND ORDER**

Pending before the court is defendant Dr. Gilberto Cortés Figueroa's ("Dr. Cortés") motion *in limine*, in which he argues that plaintiffs should be precluded from mentioning and / or questioning him regarding prior cases in which he has been sued. ECF No. 54. He avers that the prior cases were settled without admission of any liability or wrongdoing by Dr. Cortés, and thus he requests that the court invoke Federal Rule of Evidence 408 ("Rule 408") to preclude plaintiff from mentioning these prior cases. Alternatively, he argues that the prejudicial effect of the prior lawsuits against him outweighs their probative value and the court should exclude the evidence pursuant to Federal Rule of Evidence 403 ("Rule 403"). Plaintiff responds that this motion *in limine*, filed January 30, 2015, should be denied on timeliness grounds, as the deadline for filing motions in limine expired on January 20, 2015. ECF Nos. 38; 58. Alternatively, plaintiff argues that the evidence of prior lawsuits against Dr. Cortés is relevant to prove that defendant UHS of Puerto Rico, Inc. d/b/a Hospital San Pablo of Bayamón was negligent in granting admitting privileges to Dr. Cortés and continuing to renew his admitting privileges "notwithstanding his poor track record." Id. at 3. She claims that "[e]vidence of Dr. Cortés' previous medical

malpractice lawsuits is also relevant to plaintiff's claim of medical negligence directly against Dr. Cortés and UHS of Puerto Rico since she will be able to show that Dr. Cortés had more than 3 prior cases involving similar circumstances and similar results." Id.

Rule 408 prohibits the admission of evidence that a party has "accept[ed] a valuable consideration in compromising or attempting to compromise the claim" when such evidence is "offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount." Fed. R. Civ. P. 408. Rule 408 bars the admission of a settlement agreement to prove the validity or invalidity of a claim or its amount, and "applies equally to settlement agreements between a defendant and a third party and between a plaintiff and a third party." Portugués-Santana v. Rekomdiv Int'l, 657 F.3d 56, 63 (1st Cir. 2011) (citations omitted); see e.g., Kaufman v. Columbia Memorial Hosp., 11-cv-667 (MAD/CFH), 2014 WL 3888229, at *4 (N.D.N.Y. Aug. 7, 2014) (granting motion *in limine* to exclude evidence regarding previous allegations of malpractice made in prior cases that had settled) (citing Rule 408). It is clear under Rule 408 that evidence that Dr. Cortés offered consideration in exchange for voluntary dismissal of previous lawsuits is not admissible to show that claims in prior lawsuits filed against him were valid.

Moreover, pursuant to Federal Rule of Evidence 404 ("Rule 404"), evidence of a prior act is not admissible to show that an individual acted the same way on another occasion. Fed. R. Civ. P. 404(b)(1); see Bair v. Callahan, 775 F.Supp.2d 1163, 1170-72 (D.S.D. 2011) (collecting cases in which courts have excluded evidence of prior acts of medical malpractice in reaching its decision to exclude evidence of prior malpractice cases pursuant to Rule 404(b)). In order to determine the admissibility of evidence under Rule 404(b), the trial court first "must determine whether the evidence has 'special' relevance other than establishing propensity." United States v. Landry, 631 F.3d 597, at 601-02 (1st Cir. 2011). In making this inquiry, the court must consider

"the temporal relationship or the other act and the degree of similarity to the charged crime."[1] Id. (citing United States v. Varoudakis, 233 F.3d 113, 119 (1st Cir. 2000)). "Second, the court must consider whether Rule 403 requires exclusion of the evidence because the danger of unfair prejudice substantially outweighs the probative value."[2] Id.

If offered to prove that Dr. Cortés was negligent on the occasion at issue in the case of caption, evidence that other individuals have claimed that Dr. Cortés provided negligent medical care speaks directly to his propensity to offer negligent care, weighing strongly against admissibility for that purpose. While the other purpose that plaintiff has identified—to show that the hospital was negligent in granting and renewing admitting privileges to Dr. Cortés—does not speak directly to Dr. Cortés's propensity to deliver negligent medical care, plaintiff has not placed the court in a position to evaluate whether Dr. Cortés's prior alleged acts have "special relevance." Although plaintiff has drawn her own assertion that 3 or more of the prior cases involved "similar circumstances and similar results," she has not provided any information about the cases to permit the court to draw its own conclusions regarding the similarity of the prior allegations to those in this case. Not only has no information been brought to the court's attention to enable an assessment of their similarity, but there is no indication as to when these lawsuits were filed or when the *alleged* prior acts or omissions occurred. Additionally, it is unclear when UHS granted or renewed Dr. Cortés's admitting privileges in relation to when the

---

[1] The two-part standard for evaluating whether evidence of prior acts should be admitted under Rule 404(b) has been applied to prior acts in the civil context. See e.g., S.E.C. v. Happ, 392 F.3d 12, 29-30 (1st Cir. 2004) (citing United States v. Frankhauser, 80 F.3d 641, 648 (1st Cir. 1996)).

[2] Many jurisdictions have developed a four-part test to evaluate the admissibility of prior acts, notwithstanding the general prohibition on their admissibility, which dictates that "evidence of prior acts is only admissible if . . .: (1) the evidence must be directed toward establishing something other than a party's propensity to commit the act charged; (2) the other act must be similar enough and close enough in time to be relevant to the matter at issue; (3) the evidence must be such that the jury could find that the act occurred and that the party in question committed it; and (4) the prejudicial effect must not clearly outweigh its probative value." McLeod v. Parsons Corp., 73 F. App'x 846, 854 (6th Cir. 2003) (citing Gastineau v. Fleet Mortgage Corp., 137 F.3d 490, 494-95 (7th Cir. 1998)); see also United States v. Williams, 308 F.3d 833, 837 (8th Cir. 2002). While the First Circuit Court of Appeals has adopted a two-part standard, the four-part test from other jurisdictions employs similar factors and further illustrates the pertinent considerations in admitting evidence of prior acts under Rule 404(b).

prior lawsuits were filed, leaving it to speculation that these events occurred prior to the birth and delivery at issue in this case, which occurred on May 11, 2001. See ECF No. 6.

Not only has plaintiff failed to show that the prior acts of alleged negligence have special relevance, but even if he had the prejudicial effect of allowing evidence of these lawsuits outweighs their probative value pursuant to Rule 403. As to whether a jury could find that Dr. Cortés committed the prior allegedly negligent acts, plaintiff has not contested Dr. Cortés's expression that the prior claims in question were voluntarily dismissed in accordance with a settlement agreement, and has not brought any argument to the court's attention that suggests that a formal finding of Dr. Cortés's liability was made in any of the prior lawsuits against him. As mentioned above, Rule 408 prevents plaintiff from presenting evidence or soliciting testimony that these cases were resolved by settlement agreements in which Dr. Cortés offered monetary compensation for their dismissal in order to show that allegations in the cases were valid, namely that Dr. Cortés indeed committed the alleged acts of negligence. The fact that allegations were made in prior lawsuits, without more, has little probative value to show negligence on the part of Dr. Cortés or UHS on the occasion at issue in the amended complaint in the above-captioned case. See e.g., Lai v. Sagle, 373 Md. 306, 818 A.2d 237, 247 (2003) (noting that "[t]he fact of prior litigation has little, if any, relevance to whether [defendant] violated the applicable standard of care in the immediate case."). While the probative value is low, the potential for prejudice from asking Dr. Cortés about prior medical malpractice cases he has been involved with in the past, by leading the jury to believe that Dr. Cortés simply is a negligent medical practitioner on the whole—as opposed to that he did not meet the applicable standard of care in this case—is high. The minimal probative value stemming from the fact that other malpractice suits have been filed against Dr. Cortés in the past simply does not overcome

the potential prejudicial effect of this evidence. Taking into account Rule 403, Rule 404, and Rule 408, Dr. Cortés's motion *in limine* is granted. Plaintiff shall be precluded at trial from mentioning or asking questions about prior cases in which Dr. Cortés has been sued.[3]

IT IS SO ORDERED

In San Juan, Puerto Rico, this 5th day of February, 2015.

s/Marcos E. López<br>U.S. Magistrate Judge

---

[3] Due to the proximity of the trial, no motions for reconsideration regarding the motion *in limine* in this order will be entertained.